[No. 14675.  Department Two.  September 25, 1918.]

## CALIFORNIA BUILDING COMPANY, *Respondent*, v. CHARLES DRURY, *Appellant*.[1]

LANDLORD AND TENANT—ACTION FOR RENT—DEFENSES.  In an action for rent, it is no defense that the lessee had incorporated his business and made the lease for the benefit of the corporation, and claimed offsets for damages to the goods of the corporation by rats and vermin in the building; as the corporation was not a party to the lease, which required written consent to change of possession, and any oral understanding would vary the terms of the lease.

SAME.  In an action for rent of premises abandoned by the lessee, it is no defense that the landlord could have rented the premises to another tenant; since it had a choice of remedies and could either enter, or hold the lessee for the term; and for the same reason the lessee could not claim a credit on account of probable saving on heat and water bills for the premises to the expiration of the lease.

SAME—ACTION FOR RENT—DEFENSES—EVICTION—EVIDENCE—SUFFICIENCY.  In an action for rent, no eviction is shown on account of rats and vermin, where no complaint was made and no opportunity offered to remedy the matter until after the tenant had abandoned the premises.

SAME.  In an action for rent, no eviction is shown by reason of failure of the heating system, where no complaint was made in that regard subsequent to early in January, the rent was regularly paid for five and one-half months, and there was no evidence of failure to properly heat the building at that time, when the premises were abandoned without complaint as to the heating.

SAME—ACTION FOR RENT—ATTORNEY'S FEES—EVIDENCE.  In an action for rent, under a lease providing for attorney's fees in such an action in "the amount to be determined by the court," the court may fix the attorney's fees without taking evidence, even though the trial was to a jury.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered September 12, 1917, in favor of the plaintiff, upon withdrawing the case from the jury, in an action for rent.  Affirmed.

[1]Reported in 175 Pac. 302.

19—103 WASH.

*A. R. Titlow* and *Leon M. Bailey,* for appellant.

*Fogg & Fogg* and *Bates & Peterson,* for respondent.

MACKINTOSH, J.—Respondent brought this action to recover rent under a lease for the months subsequent to May, 1916, the appellant having left the premises in that month and refusing to pay rent for the balance of the term provided for in the lease. The appellant, answering the complaint, admitted that he had paid no rent from June 1, 1916, and alleged that the respondent had not properly heated the premises, and that, on account thereof, he had abandoned the same and rescinded the lease; and as an affirmative defense and counterclaim, he alleged that he had incorporated his business under the name of Drury the Tailor, and that the corporation had been carrying on the tailoring business in the premises, and that appellant had made the lease for the benefit of this corporation with the knowledge of respondent; that the corporation had carried a stock of goods in the premises; that, upon the respondent's failure to properly heat the premises, the appellant had notified it that he and the corporation would terminate the lease and move if the heat was not properly supplied, and that he did finally move on account of the lack of heat, in May, 1916. The answer also alleged that other portions of the same building in which were situated the leased premises were occupied by other tenants of the respondent, and that rats and vermin from these other premises had entered the premises occupied by the appellant and spoiled the goods of Drury the Tailor, and that he had notified the respondent that he would move if it did not remedy the situation. The answer further alleged that the goods of the defendant and Drury the Tailor were damaged by rats to the amount of $500, and that, by reason of the failure to properly heat the premises,

the appellant was obliged to move his business, at a further damage of $500. It is also alleged that, after the appellant had moved, the respondent had an opportunity to lease the premises to other parties, but failed to do so. A further allegation was that, by reason of the fact that appellant had moved out in May, the respondent had saved expenses on water and heat amounting to $480 to the expiration of the lease. The prayer was for judgment against the respondent in the sum of $1,000, and a reduction of $480 from the amount due on the rent.

The court struck from the answer the allegations regarding damages suffered by the corporation from the alleged lack of heat and for damages to its goods by rats and vermin, and the allegations that respondent could have rented the premises to other parties, and also the claim for the reduction of $480.

The case went to trial before a jury, and at the conclusion of the testimony, a motion therefor having been made, the court took the case from the jury and rendered judgment against the appellant for the full amount claimed, together with an attorney's fee of $100.

Reversal is sought upon the ground of several errors, the first being that the court should not have stricken those portions of the answer which set up the defenses as to the damage done by rats and vermin. We cannot agree with the appellant, for the reason that the damages claimed were alleged in the appellant's answer as damages sustained by a corporation which was not a party to the lease, the lease providing that no person other than the lessee should occupy the premises or any part thereof without the written consent of the lessor. The appellant could not be allowed to introduce evidence of any oral understanding that he was taking the lease for a corporation, as this

would vary the terms of a written instrument. *Hockersmith v. Ferguson,* 63 Wash. 581, 116 Pac. 11.

· The second assignment of error is that the court improperly struck that portion of the answer which alleged that the respondent could have saved itself from loss by accepting another tenant after the appellant had vacated the premises. This defense was not available for the reason that, upon the appellant's removal, the respondent had the right to consider the lease as still in existence and to begin an action for the installments of rent due thereon. The respondent could have, had it so chosen, treated the vacation of the premises as a termination of the lease and reentered the premises and sued for a breach, but having the election of remedies, it chose to consider the lease as still continuing in force, and was under no obligation to accept any other tenant during the term provided for in the appellant's lease. *Brown v. Hayes,* 92 Wash. 300, 159 Pac. 89.

This same rule disposes of the third assignment of error, which was based upon the court's striking the allegation that the appellant was entitled to a credit of $480, being the amount it would probably have cost respondent to furnish heat and water to the premises from the time of appellant's vacation to the expiration of the lease. Respondent chose to consider the lease as still continuing in force, and the water and heat were available to the appellant throughout the balance of the term.

· The fourth assignment of error presents the most important question of the case, which is, that the court improperly took the case from the jury and rendered judgment. The record discloses that, early in January, 1916, the appellant complained to respondent that the premises were being insufficiently heated, and appellant testified that that condition continued, but also

testified that he made no further complaint after January 2, 1916, but continued to occupy the premises, paying his rent regularly without protest up until the 18th day of May, 1916, at which time he vacated the premises and removed to a building of his own just then completed, the construction of which he had begun in January, 1916. There is no proof in the record that the premises were being insufficiently heated at the time of the appellant's vacation, or that the respondent, subsequent to the complaint in January, had, by promises of remedying the situation, lulled the appellant into thinking that the heating appliances were to be altered. When the bill for the rent for the month of June was presented to the appellant, he wrote the respondent as follows:

"I notified you the first part of last January that the store formerly occupied by us was untenantable on account of the rats destroying our goods, and unless something was done to remedy it we should move. We had appealed to you many times before that but you failed to have the matter attended to. Consequently we were obliged to move, and on May the 18th we abandoned the store and turned the key over to you. Our damages from the nuisance above referred to has been very material, and in due time shall present claim for it in view of these facts. We feel that there is no further obligation on our part and refuse to pay any more rent."

The record does not disclose that, in January, any complaint had been made in regard to the rats, and the first time the respondent's attention was called to the presence of rats as being a reason for the cancellation of the lease was in this letter, and that being after the vacation of the premises, no opportunity was given to the respondent to rectify the situation.

This being the evidence in the case, the court was right in withdrawing from the jury the question of whether there had been an eviction by the respondent which would defeat its right to recover the rent sued for. There certainly had been no eviction by reason of the annoyance from rats, for, as we have seen, there had been no eviction claimed on that ground until after the vacation of the premises, and the respondent was entitled to an opportunity to remove the nuisance before the appellant would be entitled to vacate.

There was no eviction by reason of the failure of the heating system, for the reason that no complaint was made in regard to that condition subsequent to early in January; the tenant remained in possession five and one-half months thereafter without complaint, paying his rent regularly, and when he did finally vacate, he assigned an entirely different cause as his reason for vacating—to remove to his own building just then finished. Under all these facts, the court was justified in saying there was no evidence sustaining the defenses pleaded by appellant.

After having taken the case from the jury, the court, in addition to granting judgment for the amount of the rent, gave judgment for a reasonable attorney's fee in the sum of $100. This also is assigned as error, it being claimed that at least the question should have been submitted to the jury as to the reasonable value of the attorney's fees. We cannot agree with this contention, for the reason that the lease itself provides that, "if the said lessor shall institute suit to collect said rent . . . the said lessee agrees to pay to said lessor a reasonable attorney's fee, the amount thereof to be determined by the court, and agrees that the same may be taxed as a part of the costs of said action." This provision of the lease was intended to, and did, leave the question of the attorney's fees en-

tirely with the court, even though the action on the lease might be tried to a court and jury. The province of the jury was to render a verdict for the amount it found due, and thereafter it was the province of the court to fix a reasonable attorney's fee, which, under the provisions of the lease, should be taxed as costs. We have repeatedly decided that the court may determine what is a reasonable attorney's fee without the taking of evidence.

The judgment of the lower court will be affirmed.

MAIN, C. J., and MOUNT, J., concur.