[No. 16982.   Department One.   March 18, 1922.]

JOHN B. STEVENS & COMPANY, *Appellant,* v. C. A. PRATT
*et al., Respondents.*[1]

LANDLORD AND TENANT (101)—RENT—SURRENDER. Where the
landlord fails, on notice and demand, to make necessary repairs to
premises that had become unsafe, and breached its covenant to keep
the premises in repair, the tenant is justified in abandoning the
premises and is not liable for rent after such surrender.

Appeal from a judgment of the superior court for
Pierce county, Card, J., entered November 17, 1921,
upon findings in favor of the defendants, dismissing an
action for rent, tried to the court.   Affirmed.

*E. D. Hodge,* for appellant.

*W. H. Pratt,* for respondents.

MITCHELL, J.—John B. Stevens & Company, a corpo-
ration, the owner, by a written contract with C. A.
Pratt, let "all of the two north sections of those cer-
tain warehouses, docks and wharves located on lots
105-110 in the Northern Pacific Railway Company's
plat A of Tacoma tide-lands, Tacoma, Washington,"
for a period of three years commencing on January 15,
1920.   It was stated in the lease that the premises were
let "for general warehouse and dockage purposes."
Among other things, the lease provided, "the lessor
further covenants that it will keep the premises in its
present state of repair, or as may be required by Fed-
eral, state and municipal authorities, as against rea-
sonable wear, usage and damage by the elements," and
also, "the lessee herein accepts the said premises above
mentioned with full knowledge of their present loca-
tion, state of repair and surroundings."   The lease was

[1]Reported in 205 Pac. 10.

almost immediately assigned to a copartnership, with the knowledge and consent of the lessor, who thereafter received from the occupants the monthly rentals provided for in the lease.

Pursuant to written notice theretofore given, and claiming that the premises had become unsafe and unfit to be used for dock purposes, notwithstanding oral and written demands for needed repairs, the tenants abandoned the premises on April 14, 1921, and this action was brought to recover the rent due for the month commencing April 15, 1921. The trial without a jury resulted in favor of the tenant, from which the lessor has appealed.

The trial court found that the lessor failed, neglected and refused to keep the docks, wharves and warehouses in the state of repair required by the lease, failed to keep them in the state of repair required by the municipal authorities, and permitted the docks, wharves and warehouses to deteriorate to such an extent that they became unsafe for use for dockage and warehouse purposes, and became dangerous and unsafe for workmen using the same. It was further found, that steamboat companies and persons owning and operating vessels landing at the wharves refused to longer allow them to land there, and refused to do business with the respondents because of the unsafe condition of the wharves; that the respondents, on February 21, 1921, notified the appellant of the unsafe and defective condition of the premises and requested that they be suitably repaired, but that appellant failed and refused to make any repairs, and by reason thereof respondents were compelled to and did vacate the premises. The record makes it pretty clear that the defense asserted and covered by the findings has been established by a preponderance of the evidence.

The case is not one where a tenant remains in possession and seeks to avoid the payment of rent, or any part of it, because the landlord has failed to uphold the premises according to his obligation, but it is a case in which a tenant is defending against a claim for rent for a period of time occurring after he has been compelled to vacate the premises because of their unsafe and unfit condition occasioned by the failure of the landlord to comply with his obligation to repair.

It is to be deduced with reasonable certainty from the authorities that when the magnitude of the violation of the covenant to repair on the part of the landlord reaches the point where the premises are no longer fit for the purposes intended, such conduct on the part of the landlord operates to impair the consideration for the lease, and also to breach the implied covenant for the quiet enjoyment of the premises, and has the resultant effect of releasing the tenant from any further liability to pay rent, provided he abandons the premises to the lessor. Such is the right and reason of the matter.

Indeed, bearing in mind the fact that the appellant did covenant to make repairs, it is argued, and authorities are cited on behalf of the appellant, that:

"Failure of the appellant to keep the premises in repair would not entitle the respondent to vacate the premises and declare the lease void unless the premises were thereby rendered so untenantable as to amount to a constructive eviction, the remedy of respondents being a claim for damages for breach of covenant or to make the repairs and charge the same against the rent."

One of the authorities cited by the appellant, 16 R. C. L., p. 692, § 178, states the rule as follows:

". . . Where, however, a landlord has covenanted or is under obligation to repair and by reason of his

failure to do so the premises have become untenantable, this may, it seems, according to the better rule in this country, constitute a constructive eviction justifying the tenant in abandoning the premises."

A number of cases are furnished in support of the text, including Ann. Cas. 1916B, p. 124, which has an extensive note and list of cases on the subject. This case falling within the rule, was, in our opinion, correctly decided by the trial court.

Affirmed.

PARKER, C. J., BRIDGES, FULLERTON, and TOLMAN, JJ., concur.