[No. 17778. Department One. May 11, 1923.]

CRESCENT MANUFACTURING COMPANY, *Respondent*, v. SOL FREIDENTHAL, *as Receiver etc., Appellant.*[1]

LANDLORD AND TENANT (97, 109)—DEPOSIT BY TENANT—LIABILITY FOR RENT—REFUNDS AND RECOUPMENT. Where a receiver of an insolvent tenant sold the assets and abandoned the leased premises before the expiration of the term, and the landlord, to minimize the damages, relet the premises for the best rent obtainable, it did not waive its right to the first tenant's guaranty deposit, but it could apply the same to make up its loss of rent; and the receiver was not entitled to offset the deposit against the rent due from the insolvent, and from the receiver while the receiver was in possession.

Appeal from a judgment of the superior court for King county, Jurey, J., entered October 6, 1922, upon findings in favor of the plaintiff, in an action for rent, tried to the court. Affirmed.

*Revelle & Revelle* and *Lucas C. Kells,* for appellant.

*Bronson, Robinson & Jones,* for respondent.

MITCHELL, J.—The Washington Paper Company occupied a storeroom numbered 311 Occidental avenue, Seattle, under a lease from the Crescent Manufacturing Company, the term of which was from January 1, 1921, to July 31, 1922, at a monthly rental of $190. The lessor received from the tenant $380 as a guaranty that the tenant would faithfully perform all its agreement, in which event the deposit should be applied to the payment of rent for the months of June and July, 1922. The Washington Paper Company became insolvent and a receiver which was appointed to wind up its affairs took charge of its stock and of the premises

[1]Reported in 215 Pac. 19.

on August 26, 1921. Thereafter the receiver, under the directions of the court, sold the stock of goods and fixtures to the Standard Paper Company, who went into possession of the premises on or about October 16, 1921, under a lease made to it by the Crescent Manufacturing Company at $150 per month.

The Crescent Manufacturing Company presented to the receiver a verified claim in the sum of $158 for that part of the month of August the store was occupied by the insolvent, and a bill or statement for $317 for rent for the time the receiver occupied the premises. The receiver offered to pay by tendering $95 and directing the lessor to appropriate the deposit of $380. The offer was declined by the lessor, who contended the deposit of $380 was required, and would be applied, to make up the difference between $190 per month for the balance of the term of the lease and $150 per month at which the premises had been rented to the new tenant, according to the agreement of the tenant making the deposit under the terms of the lease. This suit was brought to settle that controversy. It resulted in favor of the plaintiff, the Crescent Manufacturing Company, from which the receiver has appealed.

The single issue in the case is whether or not the surrender of the premises so that they could be and were let to the receiver's purchaser of the stock and fixtures was a surrender acquiesced in by the respondent so as to release the $380 deposit to the receiver. This is a question of fact. The trial court found in effect that the respondent did not waive its right to the deposit, under the terms of the lease, but that, after the receiver no longer had any use for the premises and, in legal effect, abandoned them, the respondent, to minimize the damages, proceeded to relet the premises for the best rent obtainable. An examination of the record

in the case does not satisfy us that the conclusion of the trial court should be disturbed.

Affirmed.

MAIN, C. J., HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.