[No. 23017. Department One. July 7, 1931.]

WASHINGTON SECURITIES COMPANY, *Appellant*, v.
OPPENHEIMER & COMPANY, *Respondent*.[1]

*Edward C. Hudson,* for appellant.

HOLCOMB, J.—Appellant sued respondent to collect
rents due on a written lease in the sum of $205, the bal-
ance due to the end of the term.

Appellant is the owner of the Securities Building, an
office building in Seattle. On about September 12,
1928, it leased to respondent room No. 814 in that
building for one year. Respondent paid rent for the
office room according to the terms of the lease up to
and including May 31, 1929. On about February 9,
1929, respondent gave notice in writing that it would
vacate the room on or before April 1, 1929. On about
that date it did vacate the room without any stated
cause to appellant, but continued to pay rent up to
May 31, at which time it ceased to pay rent under the
lease. The lease expired on September 30, 1929. On

[1]Reported in 1 P. (2d) 236.

receipt of the letter of February 9 from respondent to appellant, appellant acknowledged receipt thereof by a letter dated February 14, 1929, and advised respondent that its lease would not expire until September 30, 1929, and that appellant would be held responsible for the lease obligation in the event it vacated the office.

On June 10, 1929, respondent wrote to appellant that, inasmuch as respondent had been paying rent on the office room and that it was being used by appellant as a storage room, and that a certain amount of benefits had been released by removal of a part of the sign of respondent from the front door, respondent felt under no obligation to further pay rent, and stated that it was therewith enclosing the keys to the office. On June 12, 1929, appellant acknowledged receipt of that letter, and notified respondent that no space was being used belonging to respondent as a storage room or in any other manner to obtain any revenue for the building; that appellant had been making every effort to rent the space for the account of respondent, and at one time felt that it had been able to do so; that appellant would have been glad to confer with respondent as to the possibility of a lower rent for the space occupied by respondent; that if any portion of the sign had been removed it was without the knowledge or personal information of the agent, and it could and would be restored if such was the desire of respondent. Respondent was again informed that it would be expected to continue to pay the rental until the lease expired, and that the space was at the disposal of respondent at any time.

Respondent answered the complaint of appellant, admitting most of the allegations, denying some, including the allegation of indebtedness to appellant, and set up as an affirmative defense an eviction by appellant.

Respondent has made no appearance in this court, and we are without the benefit of any brief or argument for it.

It is incontrovertible that there was no eviction by appellant or acts of such grave and permanent character as affected the enjoyment of the premises by respondent, previous to the vacation of the premises by respondent. The trouble started by respondent's notice that it would vacate the premises on or before April 1. Respondent was bound for the term ending September 30, 1929, unless evicted. *California Building Co. v. Drury,* 103 Wash. 577, 175 Pac. 302; *Thompson v. R. B. Realty Co.,* 105 Wash. 376, 177 Pac. 769. There were no such serious and permanent acts of eviction shown in this case as were shown in either of the above cases. In *Martin v. Siegley,* 123 Wash. 683, 212 Pac. 1057, this court approved a decision in *Hickman v. Breadford,* 179 Iowa 827, 162 N. W. 53, that the mere renting of the demised premises to another, after abandonment by the tenant, does not in and of itself operate as a surrender in law, for the reason that it is clearly to the lessee's interest, after having abandoned the premises, that the same should be occupied by someone who is willing to pay rental for the premises during the unexpired term of his lease.

Whatever occupation of the office by appellant, by using it for storage purposes, there was, occurred after the notice of respondent that it would vacate the premises. This occupation appellant certainly had the right to make, since it had done nothing that would constitute actual or constructive eviction of respondent. See, also, *Crescent Manufacturing Co. v. Freidenthal,* 124 Wash. 682, 215 Pac. 19, and *Peninsular Savings & Loan Association v. Breier Co.,* 137 Wash. 641, 243 Pac. 830.

· ' On the record in this case, we are compelled to conclude that there was neither an eviction, actual or constructive, nor a surrender and acceptance of the premises by appellant.

The judgment is therefore reversed, with instructions to enter judgment in favor of appellant in the sum of $205, as prayed.

TOLMAN, C. J., MITCHELL, PARKER, and MAIN, JJ., concur.