[No. 24968. Department One. April 10, 1934.]

K. O. ERICKSON *et al., Respondents,* v. E. W. ELLIOTT *et al., Appellants.*[1]

*H. C. Thompson,* for appellants.

*Joseph H. Johnston* and *Wm. J. Conniff,* for respondent.

MAIN, J.—This action was brought for the purpose of recovering rent due upon a written lease. The defendants denied liability, and, as an affirmative defense, pleaded constructive eviction. They also cross-complained for damages. The trial was to the court without a jury, and resulted in findings of fact from which the court concluded that the plaintiffs were entitled to recover rent in the sum of eight hundred dollars, and the defendants were entitled to damages in the sum of five hundred fifty dollars, to be offset against the rent. Judgment was entered in favor of the plaintiffs for the sum of two hundred fifty dollars, from which the defendants appeal.

[1]Reported in 31 P. (2d) 506.

The facts are these: The respondents were the owners of a vacant lot in the city of Port Angeles. The appellants E. W. Elliott and C. A. Elliott were engaged in the mercantile business under the firm name of the Golden Rule Mercantile Company. July 15, 1927, the respondents leased the lot and the building to be erected thereon to the Elliotts for a period of ten years at a rent specified. The lease provided for a storeroom "in the new store building to be erected," and provided, in effect, that it should be in accordance with plans prepared by a certain architect.

Thereafter, the building was erected, and was of substantial construction. It contained a basement, a street floor and a balcony which the Golden Rule Mercantile Company occupied until it vacated the premises January 9, 1933. About ten feet back of the rear of the building, there was erected a retaining wall twenty-five feet high, the top of which was four feet higher than the top of the building. From the retaining wall, there arose a hill at a slope of about one to one. The top of the retaining wall was above the foot of the hill. The top of the hill was about twenty or thirty feet higher than the top of the wall. Back of the wall, there was placed gravel to carry off the water that came down the hill.

In January, 1928, during a rainy period, water and mud came down the hill, overran the top of the wall and stopped up the drain in the space between the wall and the building. Water seeped through to the basement of the building and did some slight damage. In 1929 or 1930, a slide again occurred, and on this occasion, one of the windows in the rear of the building was broken, and mud and water entered the building, but did no serious amount of damage. The respondents, when the drain was clogged, cleared out the mud and water, and, when the window was broken, replaced

it. It may be that on one or two other occasions there was a similar occurrence.

September 16, 1929, the appellant E. W. Elliott & Co., Inc., was incorporated and took over the mercantile business of the Golden Rule Mercantile Company and the lease upon the building. Of this corporation, E. W. Elliott was the managing officer, and resided in the city of Bellingham. E. C. Dobbs was the local manager of the drygoods store at Port Angeles.

During the early part of January, 1933, there were unusually heavy rains, and on two or three occasions prior to the 9th of that month, mud and water came down the hill until finally it broke one of the windows in the rear of the building, and about a cubic yard of mud entered the building and the stock of goods sustained the damage for which recovery was allowed in this case. When this occurred, Dobbs and the respondent K. O. Erickson had some talk about the matter, and Dobbs testified that Erickson said that he could not do anything at that time because of the condition of the weather, other than fix the windows, but that he would get the hill graded out behind the building when the weather permitted. Erickson was at all times willing to make good the damages to the merchandise.

E. W. Elliott, the manager of the corporation, was informed by the local manager, by long distance phone, of the conditions. On the 7th of the month, which was a Saturday, Elliott telephoned Erickson that he was going to vacate the building. He came from Bellingham to Port Angeles, did not see Erickson, and on Sunday, the 8th, directed his manager to vacate the building, which was done on the following day, or the 9th. Elliott testified, in part, that:

"Prior to January 9, 1933, when we moved out of the building, we never made any demand on Mr. Erickson to make any changes on the hill or the bank back

of the building and had occupied the building for more than five years, and I ordered my manager to vacate the store without ever talking with Mr. Erickson about the matter even though I was in the same town where Mr. Erickson was. When I called him on the telephone he said that he was doing all that was humanly possible.''

Thereafter, the rent not being paid as specified in the lease, and four months having elapsed, this action was brought to recover the rent which had accrued during that period, with the result above stated.

The question is whether the appellants were entitled to vacate the building prior to the time that the term specified in the lease had expired, and this depends upon whether there was a constructive eviction. Such an eviction takes place if the landlord does any wrongful act or is guilty of any neglect or default whereby the premises are rendered unsafe, unfit or unsuitable for occupancy for the purpose for which they were leased; but there can be no constructive eviction unless the landlord is at fault. 36 C. J. 264; *Wusthoff v. Schwartz*, 32 Wash. 337, 73 Pac. 407; *Stevens & Co. v. Pratt*, 119 Wash. 232, 205 Pac. 10, 28 A. L. R. 1445; *Buerkli v. Alderwood Farms*, 168 Wash. 330, 11 P. (2d) 958.

In this case, the evidence would not sustain a finding that the premises were rendered unsafe, unfit or unsuitable for occupancy by reason of the slides. The appellants say that the slides prior to 1933 were notice to the respondents that slides would occur, and that, having such notice, the appellants were justified in vacating. As already appears, the slides prior to that of 1933 were inconsequential, and were not seriously regarded by any of the parties. Whether there was constructive eviction must depend upon the condition as it occurred in 1933 just prior to the vacation. From

the evidence, as already indicated, it appears that the respondents were willing to correct the condition of the hill as soon as the weather would permit.

Before the premises were vacated, the manager of the corporation made no request of the respondents that the condition of the hill be corrected. Before the appellants would be justified in vacating the premises, the respondents were entitled to an opportunity to remove or correct the condition which was causing the damage. *California Building Co. v. Drury,* 103 Wash. 577, 175 Pac. 302; *Thompson v. R. B. Realty Co.,* 105 Wash. 376, 177 Pac. 769.

In this case, the premises were vacated without giving the respondents an opportunity to correct the condition. The appellants have not brought themselves within the law justifying the vacation of the premises on the ground of constructive eviction.

The judgment will be affirmed.

BEALS, C. J., MITCHELL, STEINERT, and BLAKE, JJ., concur.