[No. 3028–2.   Division Two.   August 14, 1979.]

DONALD C. HAMMOND, ET AL, *Respondents,* v. WILLIAM F. BOATSMAN, ET AL, *Appellants.*

*Stephen L. Wanderer,* for appellants.

*Donald C. Hammond,* pro se.

PEARSON, C.J.—The sole issue in this case is whether a landlord's demand to his tenant to pay rent or vacate waives the landlord's right to claim liquidated damages for the tenant's breach of the lease. We hold that it does not, and reverse the judgment of the trial court.

Hammond signed a lease with Boatsman for 8 months at $185 per month. He paid the first and last months' rent as well as a security deposit of $100. The lease contained a provision which stated that the tenant was required to give 30 days' written notice before vacating the premises. The lease also provided that in the event of a breach of any term of the lease, the tenant was liable for liquidated damages in an amount equal to 1 month's rent.

In May 1976, Hammond failed to pay rent when it came due. Boatsman sent him a letter telling him to pay rent or vacate. Hammond wrote a letter 25 days before the end of the term, stating that he intended to vacate rather than pay rent. At the end of the term, Boatsman accepted the

keys, applied the prepaid rent to the last month of occupancy, and kept the security deposit on the ground that Hammond had not cleaned the premises properly.

Hammond filed an action in small claims court for return of the security deposit. Boatsman counterclaimed for liquidated damages of $180.31 and for attorney's fees for breach of the lease by failure to give 30 days' notice of intent to vacate. The court dismissed Boatsman's counterclaim and awarded Hammond a refund of $50 of his security deposit.

Boatsman appealed to Superior Court, which reduced the refund to $25, but again his counterclaim was refused. The trial court stated that Boatsman's notice to Hammond to pay rent or vacate waived his right to claim liquidated damages for breach of the lease covenants. Apparently the trial court felt that Boatsman accepted surrender of the leasehold by inviting Hammond to vacate; consequently, Boatsman was not entitled to damages under the lease.

The only issue raised in appellant's brief is whether a notice to pay rent or vacate waives the right to sue for liquidated damages. By mutual agreement, no oral argument was presented. Respondent Hammond, who has appeared pro se throughout, did not submit a brief.

At common law, if a tenant defaulted in the payment of rent, one remedy the landlord could choose was to reenter the premises and sue for the difference between the rent reserved for the rest of the term and the fair rental value of the property. *Brown v. Hayes,* 92 Wash. 300, 159 P. 89 (1916).

Notice to pay rent or vacate was not considered acceptance of the tenant's surrender. It was seen as simply exercise of the landlord's right to reenter the premises on default and hence it was not a waiver of the landlord's right to sue for damages. *Brown v. Hayes, supra.* Likewise, notice to pay rent or vacate was held not to waive a liquidated damages clause. *Barrett v. Monro,* 69 Wash. 229, 124 P. 369 (1912). This was true even where liquidated damages were not deposited in advance but merely stipulated to. *Mon Wai v. Parks,* 43 Wn.2d 562, 262 P.2d 196 (1953). There is

nothing in the 1973 landlord–tenant act which would change this result. *See* RCW 59.18.310.

Here the record shows that the lease specifically provided that the landlord could reenter upon default without waiving his right to liquidated damages and Mrs. Boatsman specifically stated she would enforce the liquidated damages provision if Hammond abandoned the premises. There is nothing to indicate acceptance of surrender or a waiver of the right to damages. Boatsman was simply exercising his common–law right to reenter, now referred to by statute as an unlawful detainer action.

The judgment of the Superior Court is reversed and the case remanded for assessment of liquidated damages under the counterclaim.

PETRIE and SOULE, JJ., concur.