[No. 10624-8-II.  Division Two.  August 17, 1989.]

JACOMINA GROVES, ET AL, *Plaintiffs,* v. THE CITY OF TACOMA, *Appellant,* MURRAY MACREADY, ET AL, *Respondents.*

*M. Lawrence Ross,* for appellant.

*Frederick B. Hayes,* for respondent Peterson.

*Philip B. Grennan* and *Lee, Smart, Cook, Martin & Patterson,* for respondents Sobol, et al.

*John H. Rayback,* for respondent Buttorff.

*William J. Rush, Daniel R. Kyler,* and *Rush, Hannula & Harkins,* for respondent Huntington.

PETRICH, J.—On November 1, 1984, Jacomina Groves fell on a public sidewalk bordering South 11th Street, between South L and M Streets in Tacoma, Washington. She brought an action against the City of Tacoma for the personal injuries she sustained in the fall. The City brought a third party action against the owner of property abutting the sidewalk and against the owners of medical offices abutting a driveway which extends over the sidewalk near the point where Groves fell. The trial court dismissed the third party complaint against the owners of the property abutting the driveway under CR 12(b)(6) because of its failure to state a claim upon which relief could be granted. The City appeals the dismissal, and we reverse.

The City's complaint alleged the following:

I.

That at all times herein mentioned Third Party Defendants above named, and each of them, were the owners of certain real property located in Block 1124, Thompson's Addition to the City of Tacoma abutting on a driveway extending through the said Block 1124 and exiting over and across the sidewalk abutting said block 1124 on the north on or about the location of Plaintiff's fall as alleged herein.

## II.

That at all times herein mentioned business invitees of said Third Party Defendants have utilized the aforementioned driveway and in exiting said property have driven on, over and across the sidewalk abutting said property on the north causing damage and deterioration thereof.

## III.

That as a direct and proximate result thereof said sidewalk may have been rendered hazardous to pedestrian traffic utilizing said sidewalk and said condition may have caused Plaintiff's fall.

■ Dismissal under CR 12(b)(6) is improper unless it appears, beyond doubt, that the plaintiff can prove no set of facts consistent with its complaint that would entitle it to relief. *Hoffer v. State,* 110 Wn.2d 415, 420, 755 P.2d 781 (1988), *aff'd on rehearing,* 113 Wn.2d 148, 776 P.2d 963 (1989). The plaintiff's factual allegations are presumed true for the purposes of a CR 12(b)(6) motion, and the court may consider hypothetical facts not part of the formal record. *Hoffer,* 110 Wn.2d at 420. In reviewing a dismissal under CR 12(b)(6), an appellate court may consider the factual background presented by counsel in the trial court and on appeal. *Brown v. MacPherson's, Inc.,* 86 Wn.2d 293, 297, 545 P.2d 13 (1975).

The factual allegations presented by the City in its complaint and on appeal establish the following: (a) the third party defendants are owners of certain property abutting a private driveway which crosses over the sidewalk; (b) business invitees of the property owners use the driveway in such a manner that damage has resulted to the sidewalk; and (c) the damage is hazardous.

■ The general rule in Washington is that an owner of abutting property may make a special use of a public sidewalk, such as using it as a driveway for vehicles, but must exercise reasonable care so that the use does not create conditions making it unsafe for pedestrians who use the sidewalk. *Stone v. Seattle,* 64 Wn.2d 166, 170, 391 P.2d 179

(1964); *James v. Burchett,* 15 Wn.2d 119, 124, 129 P.2d 790 (1942). Here, the third party defendants argue that the trial court properly dismissed the City's complaint against them because the City can prove neither that their property abuts the sidewalk upon which Groves was injured nor that they made a special use of the sidewalk. On the other hand, the City argues that the third party defendants abut the sidewalk by virtue of their position next to the driveway which crosses over the sidewalk, and that a special use was made of the sidewalk because their business invitees drove over the sidewalk when going to and from their medical offices.

We believe the status of abutting property owner is not critical to a cause of action of this nature. Rather, the critical inquiry is whether or not the property owner employed the sidewalk for a special use. Although normally the abutter is the one who may use a sidewalk for his or her own special purposes, liability should attach to anyone who uses public ways for special use and benefit where that special use results in damage to another.

According to the City's factual allegations, the property owners are served by a private driveway which exits over a public sidewalk. The exit of the driveway is a special use of the sidewalk by the property owners.[1] The City alleges that business invitees of the property owners have driven over and damaged the sidewalk, evidently as a result of the exit being narrower than the driveway. Should the City be able to prove that the damage was caused by the property owners' business invitees, recovery would be possible. Although such a situation may be remote, it is a possibility which precludes dismissal by a CR 12(b)(6) motion.

---

[1]The City conceded at oral argument, as we think it must, that if the driveway is later proved to be a public way, no special use of the sidewalk would have existed and thus, this claim for relief by the City would be extinguished.

334

The order of the trial court is hereby reversed.

ALEXANDER, C.J., and WORSWICK, J., concur.