FILED
COURT OF APPEALS
DIVISION II

2015 AUG 11 AM 9: 09

STATE OF WASHINGTON

BY_____
DEPUTY

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| BESSIE WILLIAMS, | No. 45504-8-II |
| Appellant, | |
| v. | |
| JOHN DOE, FIRST TRANSIT, INC.; CITY OF TACOMA; and CENTRAL BIBLE EVANGELICAL CHURCH, | UNPUBLISHED OPINION |
| Respondents. | |

SUTTON, J. — Bessie Williams appeals the superior court's summary judgment orders dismissing her negligence claims against First Transit, Inc. and Central Bible Evangelical Church. Williams argues that the superior court (1) abused its discretion in refusing to grant a second continuance of the summary judgment motions filed by First Transit and Central Bible, (2) abused its discretion in striking filings by her formerly admitted pro hac vice counsel, and (3) erred in granting summary judgment in favor of First Transit and Central Bible.

We hold that the superior court did not abuse its discretion in refusing to grant a second continuance of the summary judgment motions and that it properly struck the unauthorized filings by Williams's formerly admitted pro hac vice counsel. Because Williams failed to raise a genuine issue of material fact, we affirm the superior court's summary judgment orders dismissing Williams's negligence claims against First Transit and Central Bible.

FACTS

## I. BACKGROUND FACTS

On or about October 26, 2008, a shuttle van operated by First Transit drove Williams to Central Bible. The driver of the shuttle van and employee of First Transit, Philip Halsten, pulled into the Central Bible parking lot, unloaded Williams from the van, and, at her request, assisted her into the church. Halsten pushed Williams in her wheelchair uphill along the paved public sidewalk to the main entrance of the church. As Halsten was pushing the wheelchair up the sidewalk, the wheel of the wheelchair hit a raised crack in the pavement, abruptly stopping the wheelchair, and causing Williams to fall forward out of the wheelchair.

Williams filed a complaint for negligence against First Transit, Central Bible, the City of Tacoma, and "John Doe"[1] for personal injuries she suffered after falling from her wheelchair on a public sidewalk adjacent to property owned by Central Bible. Williams alleged that First Transit breached its duty of care to her. Williams also alleged that Central Bible and the City of Tacoma negligently failed to maintain the public sidewalk abutting Central Bible's property in a safe condition and failed to warn and protect her from unreasonably dangerous conditions.

## II. WILLIAMS'S COUNSEL

After Williams filed her lawsuit pro se, David Britton, a Washington licensed attorney, moved for limited pro hac vice admission of Katrina Coleman, a Michigan licensed attorney under

---

[1] The "John Doe" here is Philip Halsten, driver of the First Transit shuttle van. Halsten and First Transit, represented by the same counsel, joined in their answer to the complaint and in their summary judgment motion. Clerk's Papers (CP) at 5. We refer collectively to Halsten and First Transit as First Transit.

Admission to Practice Rule (APR) 8(b).[2] The superior court granted the motion. Britton and Coleman filed a joint notice of appearance on Williams's behalf. After the court awarded discovery sanctions against Williams for failing to provide discovery responses, Britton withdrew. Michael Ewetuga, a Washington licensed attorney, then filed a notice of appearance on Williams's behalf. But Ewetuga did not file a motion for pro hac vice re-admission of Coleman, Williams's Michigan counsel. Ewetuga later withdrew from representing Williams.

### III. FIRST TRANSIT'S AND CENTRAL BIBLE'S SUMMARY JUDGMENT MOTIONS

On August 2, 2013, First Transit and Central Bible filed separate motions for summary judgment. The court set a hearing for both summary judgment motions on August 30, 2013. Williams failed to file an opposition to the motions by that date and, when First Transit and Central Bible appeared to argue the unopposed motions, Ewetuga orally moved to continue the hearing. The court granted the continuance, set a new hearing date for September 20, and ordered that, by September 9, Williams must respond or give notice that she will not oppose the summary judgment motions.

Neither First Transit nor Central Bible received a response to their summary judgment motions by the September 9 deadline; they asked the superior court to grant their unopposed

---

[2] APR 8(b) provides, in pertinent part:

> A member in good standing of, and permitted to practice law in, the Bar of any other state . . . may appear as a lawyer in any action or proceeding only (i) with the permission of the court or tribunal in which the action or proceeding is pending, and (ii) in association with an active member of the Washington State Bar Association, who shall be the lawyer of record therein, responsible for the conduct thereof, and present at proceedings unless excused by the court or tribunal.

motions and to award fees for having to appear on August 30. Two days later, after the court's deadline to file opposition materials, First Transit and Central Bible received Williams's two untimely responsive briefs and three supporting declarations. But these filings were submitted by Williams's formerly-admitted pro hac vice counsel in Michigan, not by Ewetuga, her new Washington counsel.

First Transit and Central Bible moved to strike Williams's opposition materials as untimely; and strike the briefs because they were signed by Williams's formerly-admitted pro hac vice counsel, Coleman. They argued that Coleman was no longer authorized to participate in the case because Britton, the attorney with whom she had associated with under APR 8(b), had withdrawn. At the hearing on the motion to strike, Williams's new Washington counsel, Ewetuga, informally requested a second continuance, and indicated that Coleman had a conflict and could not appear at the hearing, but the superior court denied the request for a second continuance.

The superior court ruled that Williams's two opposition briefs and three declarations were untimely and failed to comply with the court rules. The superior court also concluded that Britton's withdrawal from the case canceled Coleman's pro hac vice admission to practice in Washington. Because Williams failed to timely file her opposition materials under CR 56, the superior court

considered only First Transit's and Central Bible's submissions[3] and ruled that their summary

judgment motions were unopposed. The superior court granted First Transit's and Central Bible's

---

[3] The order granting summary judgment in favor of First Transit shows that the superior court considered the following materials:

1. Defendants First Transit, Inc.'s and Phil Halsten's Motion for Summary Judgment;

2. Declaration of Kelly A. Croll in Support of the Motion for Summary Judgment, with exhibits;

3. Declaration of Philip Halsten in Support of the Motion for Summary Judgment;

4. Defendants First Transit, Inc.'s and Phil Halsten's Reply Motion for Summary Judgment;

5. Defendants First Transit, Inc.'s and Phil Halsten's Second Reply in Support of Motion for Summary Judgment;

. . . .

12. Defendants First Transit, Inc.'s and Phil Halsten's Third Reply in Support of Motion for Summary Judgment; and

13. Declaration of Laura E. Kruse in Support of the Third Reply of Defendants' Motion for Summary Judgment, with exhibits.

CP at 694-96.

The order granting summary judgment in favor of Central Bible shows that the superior court considered:

1. Defendant Central Bible Evangelical Church's Motion for Summary Judgment;

2. Declaration of Stephen Skinner in support of the Motion for Summary Judgment;

3. Declaration of Louis Diana in support of the Motion for Summary Judgment;

4. Defendant Central Bible Evangelical Church's Reply on Motion for Summary Judgment;

5. Defendant Central Bible Evangelical Church's Second Reply in Support of Motion for Summary Judgment;

. . . .

11. Defendant Central Bible Evangelical Church's Third Reply in Support of Motion for Summary Judgment.

CP at 691-93.

In both of its orders granting summary judgment to First Transit and Central Bible, the superior court crossed out Williams's submissions because it previously struck them from the record as noncompliant with the rules.

5

summary judgment motions. The superior court also granted First Transit's and Central Bible's requests for attorney fees, awarding Central Bible $500 in fees and costs, and awarding First Transit $4,200 in fees and costs. Williams moved for reconsideration, but the superior court denied that motion. On October 21, 2013, Williams filed a pro se notice of appeal.

ANALYSIS

Williams argues that the superior court (1) abused its discretion in not granting her a second continuance and in striking the opposition materials filed and signed by her formerly-admitted pro hac vice counsel and (2) erred in granting summary judgment in favor of First Transit and Central Bible.

First Transit and Central Bible respond that the superior court did not abuse its discretion in denying the second continuance under CR 56(f) and in striking the unauthorized opposition materials signed by Coleman. They also argued that they owed no duty to Williams, did not breach any duty to her, and that their actions were not a proximate cause of injury or damages to Williams. We agree with First Transit and Central Bible.

I. CONTINUANCE OF SUMMARY JUDGMENT MOTIONS

CR 56(c) requires that a party opposing a summary judgment motion file a response no later than 11 days before the motion hearing. If the party opposing a summary judgment motion submits an affidavit stating that she is unable to present facts essential to her opposition, then the court may order a continuance "if the nonmoving party shows a need for additional time to obtain additional affidavits, take depositions, or conduct discovery." *Bldg. Indus. Ass'n of Wash. v. McCarthy*, 152 Wn. App. 720, 742, 218 P.3d 196 (2009); CR 56(f). We review a superior court's

6

decision to deny a motion for a continuance for a manifest abuse of discretion. *Doyle v. Lee*, 166 Wn. App. 397, 403-04, 272 P.3d 256 (2012).

A superior court does not abuse its discretion if it denies a motion for a continuance because "'(1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence, (2) the requesting party does not state what evidence would be established through the additional discovery, or (3) the desired evidence will not raise a genuine issue of material fact.'" *Old City Hall LLC v. Pierce County AIDS Found.*, 181 Wn. App. 1, 16, 329 P.3d 83 (2014) (quoting *Turner v. Kohler*, 54 Wn. App. 688, 693, 775 P.2d 474 (1989)). "'A trial court abuses its discretion if its decision is manifestly unreasonable or based upon untenable grounds or reasons.'" *State v. Garcia*, 179 Wn.2d 828, 846, 318 P.3d 266 (2014) (quoting *State v. Lamb*, 175 Wn.2d 121, 127, 285 P.3d 27 (2012)).

Williams argues that neither party suffered any prejudice from her late filed opposition materials. Williams failed to timely oppose the summary judgment motions by the first deadline of August 30th or the second extended deadline of September 9th, and the responses she did file on September 11 were untimely and signed by her formerly admitted pro hac vice counsel, who no longer had authority to appear in Washington because local counsel had withdrawn.

We hold that under CR 56(f), the superior court did not abuse its discretion in refusing to grant a request for a second continuance because Williams fails to demonstrate (1) a good reason for her requested delay and (2) what evidence would be established through another continuance that would raise a genuine issue of material fact. *Old City Hall*, 181 Wn. App. at 16.

## II. PRO HAC VICE COUNSEL

Williams also argues that the superior court abused its discretion in ruling that her formerly admitted pro hac vice counsel lost her ability to represent Williams when Williams's associated local counsel withdrew, and in striking her opposition materials, including her two briefs and three declarations. Williams argues that there is nothing in APR 8(b) that requires a court to terminate counsel's pro hac vice status once associated local counsel withdraws from the case. First Transit and Central Bible respond that APR 8(b) allows pro hac vice counsel to appear only in association with local counsel and that, once local counsel withdrew, pro hac vice counsel lost her association and her ability to appear in Washington. We agree with First Transit and Central Bible.

We review de novo the interpretation of APR 8(b) to determine whether pro hac vice counsel's representation terminates when associated local counsel withdraws. *See State v. McEnroe*, 174 Wn.2d 795, 800, 279 P.3d 861 (2012) (we interpret court rules de novo). In Washington, an out-of-state lawyer:

> [M]ay appear as a lawyer in any action or proceeding only (i) with the permission of the court or tribunal in which the action or proceeding is pending, and (ii) in association with an active member of the Washington State Bar Association, who shall be the lawyer of record therein, responsible for the conduct thereof, and present at proceedings unless excused by the court or tribunal.

APR 8(b). APR 8(b) permits an attorney to appear in an action or proceeding only with the court's permission and in association with local counsel; failure to meet either requirement precludes out-of-state counsel's representation. The purpose of the rule is to reasonably assure the court that the out-of-state attorney is competent, will follow the local rules of practice and procedure, and will act in an ethical and respectful manner. *Hahn v. Boeing Co.*, 95 Wn.2d 28, 34, 621 P.2d 1263 (1980).

On June 18, 2013, Williams's local counsel, Britton, filed a notice of intent to withdraw and terminate Williams's representation. Up to that point, every appearance or filing performed by Coleman was done in association with Britton; once Britton withdrew, Coleman was no longer in association with an active member of the Washington State Bar, as required by APR 8(b), and thus Coleman could no longer appear pro hac vice. The superior court ruled,

> [W]hen Mr. Britton withdrew, it left Ms. Coleman's actual participation in this case -- I don't know what else to say -- it canceled it. He had sponsored the pro hac vice application, which the Court granted because of his assurances to the Court the compliance with the rules, the Washington State Bar Association and the required Rules of Professional Conduct for, in essence, an unlicensed lawyer in Washington, which is what Ms. Coleman is, although she has a license in another state.

Verbatim Transcript of Proceedings (VRP) at 17.

APR 8(b) permits pro hac vice counsel to appear only in association with local counsel; there is no requirement for a court to affirmatively terminate out-of-state counsel's pro hac vice status. Under APR 8(b), Coleman automatically lost her pro hac vice association with local counsel when Williams's local counsel withdrew, the superior court properly precluded Coleman's representation and properly struck Williams's opposition materials signed and submitted by Coleman.[4]

Williams argues that the superior court erred in striking all five of her filings and in refusing to consider them at summary judgment. The superior court struck these filings as untimely and

---

[4] In her Clerk's Papers, Williams designated five filings struck by the superior court: Williams's Response to First Transit's Motion for Summary Judgment; Williams's Response to Central Bible's Motion for Summary Judgment; and the declarations of Carol Williams, Alkenneth Gurley, and Katrina Coleman.

9

submitted by out-of-state counsel, who was not admitted to practice in Washington, and thus the court could not accept the documents. The superior court did not abuse its discretion.

### III. SUMMARY JUDGMENT MOTIONS

We review a summary judgment ruling de novo, engaging in the same inquiry as the superior court. *Ruvalcaba v. Kwang Ho Baek*, 175 Wn.2d 1, 6, 282 P.3d 1083 (2012). Summary judgment is warranted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Wilkinson v. Chiwawa Cmtys. Ass'n*, 180 Wn.2d 241, 249, 327 P.3d 614 (2014). The party seeking summary judgment must demonstrate the absence of a genuine issue of material fact, *Ruvalcaba*, 175 Wn.2d at 6, and the moving party is entitled to summary judgment only when there is a "complete failure of proof concerning an essential element of the nonmoving party's case [which] necessarily renders all other facts immaterial." *Cho v. City of Seattle*, 185 Wn. App. 10, 15, 341 P.3d 309 (2014) *review denied*, 183 Wn.2d. 1007 (2015) (quoting *Young v. Key Pharms., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989)).

We take the facts and make reasonable inferences in the light most favorable to the nonmoving party. *Ruvalcaba*, 175 Wn.2d at 6. But under CR 56(e),[5] a party opposing summary judgment cannot simply rely upon the mere allegations of its pleadings to overcome summary

---

[5] CR 56(e) provides, in part:
> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of a pleading, but a response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

judgment; rather, the party opposing summary judgment must present declarations, affidavits or other evidence as provided in CR 56 to set forth specific facts showing that there is a genuine issue of material fact for trial. CR 56(e); *Keck v. Collins*, 181 Wn. App. 67, 91 n.9, 325 P.3d 306 (2014), *review granted*, 181 Wn.2d 1007 (2014). If reasonable minds can reach only one conclusion, summary judgment is appropriate. *Old City Hall*, 181 Wn. App. at 10.

In Williams's negligence actions against First Transit and Central Bible, she has the burden of proving "'(1) the existence of a duty owed to the complaining party, (2) a breach of that duty, (3) a resulting injury, and (4) that the claimed breach was a proximate cause of the injury.'" *Jackson v. City of Seattle*, 158 Wn. App. 647, 651, 244 P.3d 425 (2010) (quoting *Burg v. Shannon & Wilson, Inc.*, 110 Wn. App. 798, 804, 43 P.3d 526 (2002)). We review de novo whether a duty exists. *Arnold v. Saberhagen Holdings, Inc.*, 157 Wn. App. 649, 661, 240 P.3d 162 (2010).

### A. WILLIAMS'S CLAIMS RELATED TO FIRST TRANSIT

Williams alleged in her complaint that First Transit failed in its duty "to properly and adequately train and supervise" Halsten, whose negligence caused her injuries, and consequently whose "negligence [was] imputed to First Transit." Clerk's Papers (CP) at 3. But in her deposition, Williams did not know how fast Halsten was pushing her; she only recalled that he was running. Instead, Williams relies upon her daughter Carol Williams's declaration to speculate about the speed that Halsten was running and the speed at which Williams could have been traveling when the accident occurred. But a non-moving party may not rely upon speculation and argumentative assertions. *Grant County Port Dist. No. 9 v. Wash. Tire Corp.*, ___ Wn. App. ___, 349 P.3d 889, 893 (2015). And in order to be admissible under ER 701, a lay person's opinion must be "rationally based." *State v. Fallentine*, 149 Wn. App. 614, 624, 215 P.3d 945 (2009).

Carol Williams was not present at the time of the accident, her statements lack foundation, are speculative, are not rationally based under ER 701, and are not admissible. We agree that the superior court properly struck her declaration as untimely. But even if the superior court had considered her declaration on summary judgment, this court can only consider evidence that is admissible under CR 56. *See Sisley v. Seattle School Dist. No. 1*, 171 Wn. App. 227, 233, 286 P.3d 974 (2012). Williams did not offer any other evidence that would create a genuine issue of material fact as to duty, breach, or causation by First Transit. Thus, the superior court did not err in granting summary judgment dismissal in favor of First Transit.

## B. WILLIAMS'S CLAIMS RELATED TO CENTRAL BIBLE

Williams also argues that the superior court erred in granting summary judgment in favor of Central Bible. She alleges that Central Bible "failed in its duty to maintain the sidewalk in a safe condition," thereby proximately causing her injuries. CP at 3. Central Bible argued that it did not owe a duty to Williams because (1) it was an adjacent property owner, (2) it did not use its sidewalks for any "special purpose" or insert an artificial condition on the land, and (3) the crack was an open and obvious danger of which Central Bible had no prior knowledge. Br. of Resp't (Central Bible) at 15. We hold that Williams failed to raise a genuine issue of material fact demonstrating a duty, breach, or causation by Central Bible. Thus, the superior court did not err in granting summary judgment dismissal in favor of Central Bible.

1. No duty of care: no special use of the sidewalk

Whether a duty exists is a question of law that we review de novo. *Arnold*, 157 Wn. App. at 661. Generally, an owner or occupant of land abutting a public sidewalk is not an insurer of the safety of pedestrians using the sidewalk, and maintenance of public sidewalks is the city's responsibility. *Rosengren v. City of Seattle*, 149 Wn. App. 565, 575, 205 P.3d 909 (2009). But a duty can arise when an abutting property owner makes special use of a public sidewalk; the property owner must then exercise reasonable care so that the owner's special use does not create unsafe conditions for pedestrians using the sidewalk. *Rosengren*, 149 Wn. App. at 571; *Groves v. City of Tacoma*, 55 Wn. App. 330, 332, 777 P.2d 566 (1989). A duty can also arise if the property owner "causes or contributes to the condition" on the public sidewalk. *Rivett v. City of Tacoma*, 123 Wn.2d 573, 579, 870 P.2d 299 (1994). The plaintiff has the burden of establishing the existence of a duty. *Jackson*, 158 Wn. App. at 651.

Williams does not argue or present evidence that Central Bible made special use of the sidewalk; rather, she argues that the tree on Central Bible's property caused the defect to the public sidewalk. Williams relies on the declaration from Alkenneth Gurley, a church attendee present that day. Gurley stated,

> There is a tree planted 8-10 feet from the raised cracks in the sidewalk where the incident took place.
>
> [] I have a background in horticulture. I can state that based on my experience, it is possible that the roots of a tree in such close proximity to the raised cracks in the sidewalk could have caused damage to the sidewalk.

CP at 618.

But the superior court properly struck Gurley's declaration as untimely, speculative, inadmissible lay testimony under ER 701, and submitted by an attorney who was no longer authorized to practice before the court; and even if the court had considered his declaration on summary judgment, Gurley's statements were inadmissible under CR 56. *Grant County Port Dist.*, 349 P.3d at 893; *Fallentine*, 149 Wn. App. at 624; *Sisley*, 171 Wn. App. at 233. Nor did Williams provide adequate foundation to admit Gurley's declaration as expert opinion under ER 702-704. *Johnston-Forbes v. Matsunaga*, 181 Wn.2d 346, 357, 333 P.3d 388 (2014) (expert opinions lacking proper foundation should be excluded). And Williams presented no other evidence that the tree caused the crack in the sidewalk or that Central Bible's use of the sidewalk created an artificial condition.

2. No duty of care: "known or obvious" condition

Central Bible also argues that it owed no duty to Williams because the crack in the sidewalk was a "known or obvious" condition and that, even if Williams were an invitee, Central Bible would not be liable for her injuries. Br. of Resp't (Central Bible) at 21. Central Bible presented unrebutted evidence that Williams could see the crack as she approached, based on her own admissions in her deposition. When she was asked if, "on the day of the incident, did [she] observe[d] anything on the sidewalk that caused [her] concern prior to" the incident, she responded, "[w]ell, I remember seeing . . . I saw a -- it was a hole or crack." CP at 505. We agree with Central Bible that Williams presented no evidence to demonstrate a genuine issue of material fact on this issue.

A landowner's liability to invitees "is limited by the RESTATEMENT (SECOND) OF TORTS § 343A(1), which provides: "A possessor of land is not liable to . . . invitees for physical harm

14

caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." *Degel v. Majestic Mobile Manor, Inc.*, 129 Wn.2d 43, 50, 914 P.2d 728 (1996) (quoting *Tincani*, 124 Wn.2d at 139; RESTATEMENT (SECOND) OF TORTS § 343A(1) (1965)). Even if the condition was open and obvious, in limited circumstances, a possessor of land may be liable if he or she "should anticipate the harm despite such knowledge or obviousness." RESTATEMENT (SECOND) OF TORTS § 343A(1) (1965). "Distraction, forgetfulness, or foreseeable, reasonable advantages from encountering the danger are factors which trigger the landowner's responsibility to warn of, or make safe, a known or obvious danger." *Tincani*, 124 Wn.2d at 140.

Williams did not argue that the crack was concealed, nor did she present evidence to the superior court that the condition was not known or obvious. *Degel*, 129 Wn.2d at 50. She failed to present a genuine issue of material fact showing that even if she were an invitee, the crack was not known or obvious to her. *See Jackson*, 158 Wn. App. at 651-52.

## CONCLUSION

We hold that the superior court did not abuse its discretion in refusing to grant a second continuance of the summary judgment motions and that it properly struck the unauthorized filings by Williams's formerly admitted pro hac vice counsel. Because Williams failed to raise a genuine

15

No. 455048-II

issue of material fact, we affirm the superior court's summary judgment orders dismissing Williams's negligence claims against First Transit and Central Bible.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

JOHANSON, C.J.

BJORGEN, J.

16